IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JACQUELINE Y. GARDNER,           )
                                 )
        Plaintiff,               )
                                 )
    v.                           ) Civ. No.13-1647-SLR
                                 )
STATE OF DELAWARE DEPARTMENT)
OF HEALTH AND SOCIAL SERVICES, )
et al.,                          )
                                 )
        Defendants.              )

---

Jacqueline Y. Gardner, Lincoln, Delaware. Pro se Plaintiff.

Kenisha LaShelle Ringgold, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

---

**MEMORANDUM OPINION**

Dated: January 22, 2015
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Jacqueline Y. Gardner ("plaintiff") proceeds pro se and has been granted leave to proceed in forma pauperis. She filed this lawsuit on October 3, 2013 alleging employment discrimination and retaliation by reason of race and religion pursuant to 42 U.S.C. § 2000e-5. (D.I. 2) An amended complaint was filed on January 9, 2014. (D.I. 6) Presently before the court is defendants' motion to dismiss the amended complaint, opposed by plaintiff. (D.I. 18) The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the court will grant defendants' motion.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff was employed by defendant State of Delaware Department of Health and Social Services ("State of Delaware") as a social services technician. Plaintiff filed the instant complaint alleging harassment, retaliation, and discrimination by reason of race and religion, and that it "all happened very suddenly." Plaintiff's supervisor was defendant Jessica Clarkson ("Clarkson"). Defendant Ray Fitzgerald ("Fitzgerald") was Clarkson's supervisor.

In September 2011, plaintiff was disciplined by Clarkson, her new supervisor, for insubordination. Plaintiff ultimately received a one-day suspension. Plaintiff alleges that there was a conspiracy and plot against her and that she has documents of the "lies" about her. Plaintiff states that she was a team player and had been told by Clarkson in March 2011 that she was doing an excellent job. Plaintiff alleges that, as a result of the continuous harassment and false accusations from Clarkson, she was forced to resign her employment. Exhibits attached to the amended complaint indicate

that plaintiff resigned due to a heart condition, hypertension, anxiety, and major depression caused by issues at work. Plaintiff was on medical leave prior to the time she resigned from her employment. Plaintiff verbally resigned on May 11, 2012 and provided written resignation on May 14, 2012. Plaintiff filed a charge of discrimination with the EEOC on November 2011 and received a notice of right to sue dated July 22, 2013. The court was not provided with a copy of the charge of discrimination.

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that: (1) plaintiff fails to state a claim for discrimination; (2) plaintiff fails to plead a prima facie claim for retaliation; and (3) individuals have no liability under Title VII. Plaintiff opposes the motion.

## III. LEGAL STANDARDS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

2

action will not do." *Id.* at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Such a determination is a context specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Individual Liability

Plaintiff names Fitzgerald and Clarkson as defendants in this Title VII action. However, Title VII does not provide for individual liability. *See Sheridan v. E.I. Dupont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) ("[W]e are persuaded that Congress did not intend to hold individual employees liable under Title VII."). Therefore, the court will dismiss with prejudice the claims raised against Fitzgerald and Clarkson.

### B. Discrimination

Defendants move for dismissal of the discrimination claims on the grounds that plaintiff has not adequately alleged claims of race and religious discrimination. In order to state a prima facie case of Title VII discrimination based upon religion, plaintiff must set forth sufficient factual allegations for this court to infer: (1) she is a member of a protected class; (2) she suffered some form of adverse employment action; and (3) nonmembers of the protected class were differently treated. *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 281-82 (3d Cir. 2001) (setting forth the elements of a "disparate treatment" theory of religious discrimination). The same test applies to

plaintiff's Title VII claim of race discrimination. See, e.g., Roebuck v. Drexel Univ., 852 F.2d 715, 726 (3d Cir. 1988).

Plaintiff's conclusory allegations fall short of the level of detail required to state a discrimination claim. For example, plaintiff failed to indicate the nature of her own religious affiliation (or lack thereof) or her race in order to establish membership in a protected class, the specific details of how she was harassed and intimidated on account of those religious views or her race, or any adverse employment action stemming from the alleged discrimination because of her religion or race. Plaintiff has filed a lengthy amended complaint with numerous exhibits. Her filings, however, do not speak to race and religious discrimination. Instead, plaintiff alleges (in a conclusory manner) that she was terminated based upon race and religion. These bare allegations do not plausibly suggest that she is entitled to relief and do not suffice to state a claim upon which relief can be granted. See Twombly, 550 U.S. at 564. Accordingly, the court will grant the motion to dismiss the discrimination claims. Plaintiff will be given leave to amend the claims as to the State of Delaware.

### C. Retaliation

Defendants move for dismissal of the retaliation claim on the grounds that the allegations fail to establish a prima facie retaliation claim. Title VII prohibits employers from retaliating against "any individual . . . because [s]he has opposed any . . . unlawful employment practice" under Title VII. 42 U.S.C. § 2000e-3(a). The crux of a retaliation claim rests on whether plaintiff can show "there was a causal connection between the employee's participation in [a] protected activity and the adverse employment action."

*Blakney v. City of Philadelphia*, 559 F. App'x 183, 185 (3d Cir. 2014) (unpublished) (citing *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006)).

Similar to the discrimination claims, plaintiff fails to provide facts to support a claim of retaliation. Notably, there are no allegations that plaintiff engaged in protected activity that gave rise to the disciplinary action taken against her. Accordingly, the court will dismiss the retaliation claim. Plaintiff will be given leave to amend the claim as to the State of Delaware.

## V. CONCLUSION

For the above reasons, the court will grant defendants' motion to dismiss. (D.I. 18) Plaintiff will be given leave to file an amended complaint to cure the pleading defects against the State of Delaware. The claims against Fitzgerald and Clarkson will be dismissed with prejudice.

A separate order shall issue.