IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JACQUELINE Y. GARDNER,            )
                                 )
          Plaintiff,             )
                                 )
     v.                          ) Civ. No.13-1647-SLR
                                 )
STATE OF DELAWARE DEPARTMENT)
OF HEALTH AND SOCIAL SERVICES, )
                                 )
          Defendant.             )

---

Jacqueline Y. Gardner, Lincoln, Delaware.  Pro se Plaintiff.

Kenisha LaShelle Ringgold, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendants.

---

**MEMORANDUM OPINION**

Dated:  February 3 , 2016
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Jacqueline Y. Gardner ("plaintiff") proceeds pro se and has been granted leave to proceed in forma pauperis. She filed this lawsuit on October 3, 2013 alleging employment discrimination and retaliation by reason of race and religion pursuant to 42 U.S.C. § 2000e-5. (D.I. 2) On January 22, 2015, the court granted a motion to dismiss and gave plaintiff leave to file an amended complaint to cure the pleading defects against defendant Delaware Department of Health and Social Services ("defendant"). (D.I. 22) Plaintiff filed an amended complaint on February 27, 2015. (D.I. 23, 25) Presently before the court is defendant's motion to dismiss the amended complaint, opposed by plaintiff. (D.I. 27) The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the court will grant defendant's motion.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff was employed by defendant as a social services technician. She was supervised by Jessica Clarkson ("Clarkson"). (*See* D.I. 2, 6) Ray Fitzgerald ("Fitzgerald") was Clarkson's supervisor. (*Id.*) Plaintiff is African American and a Christian. (D.I. 23, ¶ IV) Plaintiff alleges that Clarkson told her on numerous occasions that she was performing an excellent job and there is documentation to support this. (*Id.* at ¶ II)

The amended complaint alleges that, in September 2011, Clarkson disciplined plaintiff based on "false accusations." (D.I. 23, ¶ 1) Plaintiff explains that "everything that [she] was accused of [she] was not familiar with the false accusations [] when all of this was taking place as Clarkson was not housed in the same building as [plaintiff] and [plaintiff] barely spoke with [Clarkson] and did not see her until they had meetings." (D.I.

23, ¶ I)  When plaintiff sought time off, she and Clarkson communicated via email. Plaintiff alleges that "all of a sudden this transpired [sic] the insubordination." (*Id.*) Plaintiff alleges there was no proper protocol, such as a verbal or written reprimand, to familiarize her "as of what [she] was doing wrong" and that Clarkson went straight to an insubordination action, which led to a one-day suspension.  This led plaintiff to believe "there was some plotting against [her] so that Clarkson could climb the ladder . . . and bring [plaintiff] and others down." (*Id.*)

Plaintiff was not terminated.  She alleges that she was forced to resign because of a hostile work environment of harassment and false accusations. (*Id.* at ¶¶ III, V) Plaintiff alleges that Clarkson harassed by her telephone and emails on a daily basis and this caused stress. (*Id.* at ¶ III)

Plaintiff alleges that retaliation occurred after the administration realized that she was taking action which included union representation. (*Id.* at ¶ VI)  The amended complaint alleges that after the union became involved, plaintiff's extra work load increased with outdated documents, yet she was expected to perform her duties in a timely manner. (*Id.*)  She alleges that harassing emails and telephone calls began after she took unidentified protective activity against Clarkson. (*Id.*)  A union representative recommended that plaintiff file a grievance for harassment and retaliation, but the grievance was never filed. (*Id.*)

The complaint states that plaintiff filed a charge of discrimination with the EEOC in November 2011.[1] (D.I. 2)  The court was not provided with a copy of the charge of

---

[1]The notice of suit rights refers to Charge No. 17C-2012-00469.  This indicates the charge of discrimination was filed in 2012.  (D.I. 23 ex.)

2

discrimination.  Plaintiff received a notice of suit rights dated July 22, 2013.  (D.I. 23 ex.)

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that:  (1) plaintiff fails to state a prima facie case of discrimination; and (2) plaintiff fails to plead facts to support a retaliation claim.  Plaintiff's opposition to the motion is unintelligible.  (D.I. 29)

## III.  LEGAL STANDARDS

Because plaintiff proceeds pro se, her pleading is liberally construed and her amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).  In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  *See Erickson v. Pardus*, 551 U.S. at 94.  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)).  Under the pleading regime

3

established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, ___F.3d___, 2016 WL 106159, at *4 (3d Cir. Jan. 11, 2016) (internal citations and quotations omitted).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014).  A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

### A. Discrimination

Defendant moves for dismissal of the discrimination claims on the grounds that plaintiff has not adequately alleged claims of race and religious discrimination.  In order to state a prima facie case of Title VII discrimination based upon religion, plaintiff must set forth sufficient factual allegations for this court to infer: (1) she is a member of a protected class; (2) she suffered some form of adverse employment action; and

4

(3) nonmembers of the protected class were differently treated. *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 281-82 (3d Cir. 2001) (setting forth the elements of a "disparate treatment" theory of religious discrimination). The same test applies to plaintiff's Title VII claim of race discrimination. *See, e.g., Roebuck v. Drexel Univ.*, 852 F.2d 715, 726 (3d Cir. 1988).

Plaintiff's conclusory allegations fall short of the level of detail required to state a discrimination claim. In the amended complaint, plaintiff states that she is an African American and a Christian. She alleges that she was forced to resign because of a hostile work environment and false allegations. However, similar to the recently dismissed complaint, plaintiff fails to provide details of how she was harassed on account of her religious views or her race. Nor does she connect any adverse employment action stemming from the alleged discrimination because of her religion or race.

Plaintiff merely alleges that "Clarkson stated via notes that I was speaking exorcism on the job didn't know what that meant, my Christianity does not practice that." (D.I. 23, ¶ IV) There are no allegations that speak to race discrimination. In addition, plaintiff alleges in a conclusory manner that defendant forced her to resign, but does not provide facts to support this claim. Without more, these conclusory and bare allegations do not plausibly suggest that plaintiff is entitled to relief and do not suffice to state a claim upon which relief can be granted. *See Twombly*, 550 U.S. at 564. Accordingly, the court will grant the motion to dismiss the discrimination claims.

5

## B. Retaliation

Defendant moves for dismissal of the retaliation claim on the grounds that the allegations do not conform to the pleading requirements of Rule 8 and fail to state a claim pursuant to Rule 12(b)(6). Title VII prohibits employers from retaliating against "any individual . . . because [s]he has opposed any . . . unlawful employment practice" under Title VII. 42 U.S.C. § 2000e-3(a). The crux of a retaliation claim rests on whether plaintiff can show "there was a causal connection between the employee's participation in [a] protected activity and the adverse employment action." *Blakney v. City of Philadelphia*, 559 F. App'x 183, 185 (3d Cir. 2014) (unpublished) (citing *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006)).

Defendant argues that plaintiff failed to provide facts to support an inference that she was subject to retaliation as a result of filing an EEOC charge. Plaintiff seems to allege that retaliation occurred when emails intensified after she sought assistance from the union, but there are no allegations that the union raised the issue of race or religious discrimination when providing plaintiff assistance. Seeking the assistance of the union is not protected activity under Title VII. A protected activity is one in which the employee opposes an employment practice on the ground that it violates Title VII. *See Simmons v. Shalala*, 946 F. Supp. 415, 420 (D. Md. 1996); *see also Ramey v. PEPCO*, 468 F. Supp. 2d 51, 59 (D.D.C. 2006) (a union grievance that does not allege "discrimination or another practice made unlawful under Title VII" is not statutorily protected activity). Because the amended complaint fails to contain allegations that plaintiff engaged in protected activity that gave rise to alleged unlawful action against her, the court will grant defendant's motion to dismiss the retaliation claim.

6

## V. CONCLUSION

For the above reasons, the court will grant defendant's motion to dismiss. (D.I. 27)  Plaintiff was provided an opportunity to amend to cure her pleading defects, yet she failed to do so and, thus, the court concludes that amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (The court may curtail or deny a request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment.")

An appropriate order will be entered.